UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                              Chapter 11

Rover 2014, LLC,                                                    Case No.

                             Debtor.
---------------------------------------------------------------x

## AMENDED DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

Mark Tress declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the manager of Rover 2014, LLC (the "Debtor"). I submit this Declaration in accordance with Local Bankruptcy Rule 1007-4 in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code.

2. The Debtor is a contract vendee under contract to purchase certain real property located at 801 Crooked Hill Road, Brentwood, New York (the "Property"). The acquisition of the Property emanates out of the Chapter 11 bankruptcy proceeding involving Commack Hospitality LLC ("Commack"), as seller, (Case No. 814-70931-ast).

3. The sale of the Property was approved in conjunction with the confirmation of Commack's Second Amended Chapter 11 Plan of Reorganization, filed June 16, 2014, pursuant to Order of Confirmation dated November 14, 2014.

4. The purchase price of the Property is $15,400,000, and the Debtor is subject to a "time of the essence" closing for January 15, 2015.

5. The Debtor is compelled to seek Chapter 11 relief because Commack has rejected the Debtor's request for a relatively short extension of time of the closing date beyond January 15, 2015.

6. While the contract with Commack does not include a financing contingency, it was widely known that the majority of the purchase price would be obtained through mortgage financing. To this effect, the contract contains a provision that the Debtor shall assign the existing mortgage to its new lender.

7. Originally, the Debtor pursued financing through Investors Bank ("Investors"). The Debtor made application to Investors to finance the loan, but Investors declined the loan in mid-December, 2014 because the Property did not fits its conventional lending profile of making loans for residential properties.

8. Working with a well-known mortgage broker, Meridian Capital Group, LLC, the Debtor is now pursuing financing from Sterling National Bank ("Sterling"). To date, Sterling has been receptive to the Debtor's application and yesterday approved a term sheet for the financing which contains standard conditions.

9. The Debtor anticipates that it will ultimately qualify for a formal commitment to borrow $11,400,000 so that it is in a position to close on the transaction in the next 30-45 days.

10. Over the last several days, the parties were unable to agree on the Debtor's request for a voluntary extension through March 1, 2015. Without getting into specifics, which were in the nature of settlement negotiations, it suffices to say that the Debtor offered an immediate release of a substantial part of the deposit and to pay Commack a significant per diem charge during the extension period.

11.     Because the Debtor is committed to closing, does not want to forfeit its $1.5 million deposit, and is reasonably confident it will obtain financing from Sterling Bank, the Debtor is filing this Chapter 11 petition to gain the benefit of the 60-day toll under 11 U.S.C. Section 108(b) to automatically extend the time of the essence closing date.

12.     It is truly unfortunate that Commack has been so headstrong in refusing to grant an extension, which does not serve its own bankruptcy estate well. This Chapter 11 petition is being filed as related to the Commack Chapter 11 case in the hope that after further reflection, a more sensible approach will be taken concerning the extension.

13.     The Debtor's Chapter 11 will complicate its financing application with Sterling, but it has no practical alternative at this point.

14.     The Chapter 11 filing constitutes a proper use of the Bankruptcy Code. *See,* In re Walden Ridge Development LLC, 292 B.R. 58 (Bankr. NJ 2003); In re New Breed Realty Enterprises, Inc., 278 B.R. 314 (Bankr. EDNY 2002); and In re Empire Equities Capital Corp., 405 B.R. 687 (Bankr. SDNY 2009), which recognize that it is not bad faith to utilize Chapter 11 to invoke the sixty (60) day extension under 11 U.S.C. §108(b).

15.     The decisions cited, particularly In re Walden Ridge, *supra*, also recognize the practical reality of today's real estate market in which would-be purchasers of real property routinely organize a single purpose entity to take title and close transactions.

16. The Debtor has no active employees and is operated by Mark Tress as manager and Stephen Werdiger as its member.

.Dated: New York, NY
January 20, 2015

/s/ Mark Tress, Manager